## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ARTHUR PEACOCK**                                                    **PLAINTIFF**

**V.**                                    **NO. 4:05CV00891**

**LITTLE ROCK SCHOOL DISTRICT**                            **DEFENDANT**

### ORDER

Pending are cross motions for summary judgment.  (Docket #'s 9 and 15).  For the reasons set forth herein, Plaintiff's motion for summary judgment, docket # 9, is GRANTED and Defendant's motion for summary judgment, docket # 15, is DENIED.  Plaintiff is hereby awarded $14,727.64 for attorneys fees and costs incurred in connection with the due process hearing at issue herein.  Plaintiff's request for attorneys fees and costs incurred in bringing this action is denied.

### Facts

Plaintiff, Arthur Peacock, is a parent of a disabled child, C.P., as such is defined in 20 U.S.C. §1401(a)(1) who at all time pertinent hereto was enrolled as a student in the Little Rock School District ("District").  At the time the Plaintiff filed a Due Process Hearing Complaint he was not identified under the Individuals with Disabilities Education Act and had not been declared eligible to receive special education services.  However, before the Due Process Hearing, C.P. had been referred for a determination of eligibility of special education services and was identified and received accommodations under Section 504 of the Rehabilitation Act.

1

The District is vested with the responsibility under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. §1400-1485, for providing a free and appropriate public education ("FAPE") in the least restrictive environment to students with disabilities within its District who have been identified under the Act.  Under the requirements of the Act, the District is further given the obligation to locate, evaluate, and identify children with disabilities who are enrolled in the District.  At all times pertinent hereto, Plaintiff's minor child, C.P., had been diagnosed with depression and a conduct disorder and had been identified under Section 504 of the Rehabilitation Act, but had not been declared eligible to receive special education services and had not been identified under the IDEA as having a disability.

Due to a dispute that arose between the Parent and the District concerning the District's unilateral placement of the child following a disciplinary action, on October 29, 2004, the Parent lodged a first request for an Expedited Due Process Hearing and filed a regular request for a Due Process Hearing asserting that the District had denied C.P. a free appropriate public education.  This first petition was settled by the parties on December 2, 2004 and was dismissed on December 3, 2004.  By the terms of the settlement agreement, C.P. was to remain on a 504 Plan and the school district was to provide counseling services for C.P. beginning January 3, 2005.

Plaintiff lodged a second request for a Due Process Hearing on February 11, 2005.  Plaintiff's Complaint asserted that the District had denied C.P. a Free Appropriate Public Education due to a change of placement which occurred at the District as a result of a disciplinary action.  In the Due Process Hearing, Plaintiff sought the following relief: (1) The Student to be declared eligible to receive special education services; (2) An appropriate IEP be developed in the LRE for the Student, to include a behavior intervention plan, if deemed

2

appropriate; and (3) compensatory education for the denial of FAPE.

A due process hearing was commenced under the direction of the ADE by an Impartial Due Process Hearing Officer on March 1, 2005 and concluded on March 9, 2005. Following a conclusion of the hearing, on April 4, 2005, the Administrative Due Process Hearing Officer issued a written opinion outlining her findings. The Due Process Hearing Officer ordered the following relief: (1) After school tutoring with transportation; (2) Changing the level of one or more of the student's classes from Advanced Placement, while still providing the student with college preparatory subjects; (3) Allow the student to drop one or two of his current classes and take them during the summer instead, in order to allow him to concentrate during the current semester on the remaining classes; (4) To drop the requirement that the student make up all missed work by March 1, 2005, to cease requiring the student to make up missed work on his own without providing instruction, and to provide instructors and time for the student to complete such work through after school tutoring and in the summer; (5) Provide the student with after school transportation in order for him to participate in baseball or bowling; (6) Provide the student with a home teacher or a teacher in a residential psychiatric facility, if, in the opinion of the student's psychiatrist, it becomes again necessary; and (7) Provide the student with an appropriate Individualized Education Plan pursuant to the Individuals with Disabilities Education Act, in the least restrictive environment, to include a behavior intervention plan, and to exclude suspensions and expulsions as discipline, as such exclusion is inappropriate discipline for this student.

On April 19, 2005, a request and demand for payment of attorneys' fees was submitted to the District. Thereafter, Plaintiff contends that he incurred additional costs and expenditures in

implementing the remedies granted by the Hearing Officer so that the Student would be placed

with an IEP under the IDEA and receive special education services in the least restrictive

environment.  The District denies that it failed to implement the Due Process Hearing Officer's

decision.  The District refused Plaintiff's demand for attorney's fees because it contends that the

Plaintiff is not the "prevailing party" as that term is defined by the IDEA in part because the

Hearing Officer improperly placed the burden of proof on the District.  The District has not

appealed the Hearing Officer's decision.

Plaintiff attempted to negotiate and settle his claims for attorney's fees, but his attempts

were unsuccessful.  Accordingly, Plaintiff brought the present action.  Plaintiff contends that he

is entitled to $16,065.00 in fees and costs.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

4

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*, '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact.  It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue.  If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

## Discussion

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i)(3)(B)

authorizes an award of costs, including reasonable attorneys fees, to parents or guardians who

prevail in any action or proceeding described in 20 U.S.C. §1415.   For purposes of awarding

attorney's fees, "proceeding" includes administrative proceedings such as the due process

hearing involved in this case.  *Johnson v. Bismark Public School District*, 949 F.2d 1000 (8th Cir.

1991).  A prevailing party is a party that succeeded on any significant issue and which achieved

some of the benefit sought in filing the due process complaint.  *Id.*   "There is no right to review

or redetermine any of the issues in the underlying action solely for the purpose of deciding the

attorney's fees question."  *United States v. Ford*, 650 F. 2d 1141, 1144 (9th Cir. 1981).   Although

attorneys' fees awarded to a prevailing party on the merits must be returned if a recipient loses on the merits on appeal, the Court is not obliged to decide the merits of the underlying action for purposes of determining if Plaintiff is the prevailing party.  The decision of who is the "prevailing party" is made " without regard to whether the . . . decision on the underlying merits was correct."  *See, Bishop  v. Committee on Prof. Ethics*, 686 F. 2d 1278, 1290 (8th Cir. 1982).

Defendant argues that Plaintiff is not a prevailing party because the hearing officer improperly placed the burden of proof on the district.  Alternatively, the District argues that the Plaintiff should not be allowed to recover attorney's fees because he failed to give the District notice of his dissatisfaction with C.P.'s educational program and an opportunity to correct it, and unduly protracted the proceedings after receiving substantially the relief he sought.

As set forth herein, the Court's analysis of the "prevailing party" is made without regard to whether the decision on the underlying merits is correct.  Accordingly, Defendant's argument regarding the improperly placed burden of proof will not be considered by the Court.  The Court will decide if the Plaintiff succeeded on any significant issue and achieved some of the benefit sought in filing the due process complaint.

Section 1415(i)(3) governs the award of attorneys' fees in actions to enforce these rights. It contains two provisions that are critical to the Court's analysis:

> (B)(i)(1) In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a handicapped child or youth who is the prevailing party.
>
> (F) Whenever the court finds that ⋯ the parent or guardian, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy ⋯ the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this

subsection.

The Eighth Circuit has recognized the conflicting policy concerns that must be balanced in awarding attorneys fees.  On one hand, "procedural safeguards , including those ensuring meaningful parent participation in the decision -making process, are a major component of this statute."  *Johnson v. Bismarck Public School Dist*., 949 F. 2d 1000, 1004 (8th Cir, 1991). "On the other hand, as Congress recognized when it mandated reduced fees for a parent who "unreasonably protracted the final resolution," § 1415(e)(4)(F), needless litigation frustrates the [IDEA's] objectives by fostering delay, exacerbating ill-will among parties who should cooperate in educating the handicapped child, and wasting the resources of all concerned." *Id.*  Therefore, the Eighth Circuit has stated that "a school district should be put on notice of disagreements and given an opportunity to make a voluntary decision to change or alter the educational placement of a handicapped child.  And such litigation should not be 'continued . . . in an extensive and expansive fashion after . . . plaintiffs [achieve] most, if not all, of the substantial results' they seek." *Id*. citations omitted.

Defendants argue that Plaintiff's second request for a due process hearing contained many of the same allegations and sought substantially the same relief as his first request for a due process hearing which the parties settled.  Further, Defendant's argue that C.P. was referred for testing for special education services on February 21, 2005 and Plaintiff continued to litigate a due process hearing after he "substantially achieved the remedy sought in the hearing."

The Court finds the final order of the Due Process Hearing Officer helpful in analyzing Defendants arguments.  The Order states:

> The second request for a due process hearing was filed on February

7

11, 2005.  On February 21, 2005, the school district convened a referral conference to determine "whether the student should be referred for consideration of special education and related services."  Instead of looking at the wealth of data they already had on the student, the team referred him for "psychological testing" and an "initial evaluation."

. . .

The school district has known since at least March of 2004 that this was a child with a disability, and they acknowledged and characterized him as a child with a disability, but only under Section 504 of the Act.  Besides the child's having a psychological evaluation and a psychiatric diagnosis prior to the petition being filed, the child has a long standing history of erratic and failing grades, a history of an unusual number of absences, and a history of suspensions from school.  The hearing officer finds that the school district sought to circumvent the IDEA due process requirements by not identifying the [child] as eligible for special education services.

Due Process Hearing Officer, Final Order, H-05-15, p. 20, 26.  Citations omitted.   Further, the

Officer found that the District failed to provide an appropriate individualized education plan for

the student, including, but not limited to, an appropriate behavior plan and social skills training,

and instead, provided only modifications for the student which the district knew were not

adequate to address the student's emotional needs. The Officer also stated: "The school district

should have found the student eligible for services by April 2004 at the latest, when the district

should have conducted an IEP meeting and provided an appropriate individual education plan.

The school district denied the student an appropriate education through the date of this hearing.

However, the settlement between the parties cut off any right to compensatory education for

denials prior to December 2, 2004."  Final Order at 29-30.

Based upon the findings of the Hearing Officer the Court finds that Plaintiff was a

prevailing party as that term is defined in 20 U.S.C. §1415(i)(3)(B).  The Court finds that the time spent and services furnished by Plaintiff's counsel were proper and reasonable.  However, the Court finds an hourly rate of $175.00 to be more reasonable and customary in this local.  The Court finds no special conditions exist which would require a reduction in the fees other than a reduction in the hourly rate.  Accordingly, Defendant's motion for summary judgment, docket #15, is denied.  Plaintiff's motion for summary judgment, docket #9, is granted.  The Court will enter Judgment in favor of Plaintiff in the amount of $14,727.64.

IT IS SO ORDERED this 17th day of November, 2006.

James M. Moody
United States District Judge